| | | |
|---|---|---|
| **LOREN BROWN, Individually** | * | IN THE |
| **and as Co-Personal Representative** | | |
| **of the Estate of Tyrone A. Brown** | | |
| **2807 Woodland Avenue** | * | CIRCUIT COURT |
| **Baltimore, MD  21215** | | |
| **and   J. B.** | | |
| ▮▮▮▮▮, a minor, by | * | FOR |
| her mother and next friend, | | |
| **LOREN BROWN** | | |
| **2807 Woodland Avenue** | * | BALTIMORE CITY |
| **Baltimore, MD  21215** | | |
| **and   J. T. B.** | | |
| ▮▮▮▮▮ ) a minor, | * | |
| by his mother and next friend, | | |
| **JACQUETTA TAYLOR** | | |
| **1137 Scott Street** | * | |
| **Baltimore, MD  21230** | | |
| **and** | | |
| **VIVIAN SCOTT, Individually** | * | |
| **and as Co-Personal Representative** | | |
| **of the Estate of Tyrone A. Brown** | | |
| **1048 North Broadway Street** | * | |
| **Baltimore, MD  21205** | | |
|         Plaintiffs | | |
| | * | |

-v-

| | | |
|---|---|---|
| **OFFICER GAHIJI A. TSHAMBA,** | * | |
| **Individually and in his Official Capacity** | | |
| **as a Baltimore Police Officer** | | |
| **c/o Baltimore City Detention Center** | * | |
| **401 East Eager Street** | | |
| **Baltimore, MD  21202** | | |
| **and** | * | |
| **FREDERICK H. BEALEFELD, III** | | |
| **Commissioner** | | |
| **Baltimore Police Department** | * | |
| **242 West 29th Street** | | |
| **Baltimore, MD  21211** | | |
| **and** | * | |

JOHN DOE(S)                                          *
Operations, Bureau Chain of Command
Serve on:  Frederick H. Bealefeld, III
Commissioner                                         *
Baltimore Police Department
242 West 29th Street
Baltimore, MD  21211                                 *
and
JOHN DOE(S)
Administrative Bureau Chain of                       *
Command
Serve on:  Frederick H. Bealefeld, III
Commissioner         ' '                             *
Baltimore Police Department
242 West 29th Street
Baltimore, MD  21211                                 *
and
BALTIMORE POLICE DEPARTMENT
Serve on:  Frederick H. Bealefeld, III              *
Commissioner
242 West 29th Street
Baltimore, MD  21211                                 *
and
MAYOR & CITY COUNCIL OF
 BALTIMORE                                           *
Serve on:  George Nilson, City Solicitor
Room 101, City Hall
100 North Holliday Street                            *
Baltimore, MD  21202
and
STATE OF MARYLAND                                    *
Serve on:  Nancy Kopp
State Treasurer
80 Calvert Street                                    *
Annapolis, MD  21401
          Defendants
                                                     *

## COMPLAINT AND ELECTION OF JURY TRIAL

Now come the Plaintiffs, LOREN BROWN, Individually and as Co-Personal

Representative of the Estate of Tyrone A. Brown; ████████████ a minor, by her

mother and next friend, Loren Brown; ████████████. a minor, by his mother

and next friend, Jacquetta Taylor; and VIVIAN SCOTT, Individually and as Co-Personal

Representative of the Estate of Tyrone A. Brown, by and through their attorneys, A.

Dwight Pettit, the Law Offices of A. Dwight Pettit, P.A., and Allan B. Rabineau, and

hereby sue the Defendants, OFFICER GAHIJI TSHAMBA, Individually and in his

Official Capacity as a Baltimore Police Officer; FREDERICK H. BEALEFELD, III,

Police Commissioner; "JOHN DOE(S)," Operations Bureau Chain of Command; "JOHN

DOE(S)," Administrative Bureau Chain of Command; BALTIMORE POLICE

DEPARTMENT; MAYOR & CITY COUNCIL OF BALTIMORE; and STATE OF

MARYLAND, and for reasons states as follows:

## PARTIES, JURISDICTION AND VENUE

1.     Tyrone A. Brown (also referred to herein as "Decedent") died on June 5,

2010 at approximately 1:30 a.m. at the age of thirty-two (32).

2.     Plaintiff, LOREN BROWN, is the wife of the Decedent and the Mother

and Next Friend of the minor Plaintiff, J. B. ███████, who is the only surviving

daughter of the Decedent. Loren Brown is a resident of Baltimore City and was

appointed Co-Personal Representative of the Estate of Tyrone A. Brown on or about

September 16, 2010.

3.     JAQUETTA TAYLOR, is the mother and next friend of the minor

Plaintiff, J.T.B. ███████ residents of Baltimore City. J.T.B. ███████ is the

only surviving son of the Decedent.

4.     Plaintiff, VIVIAN SCOTT, is the Mother of the Decedent, a resident of

Baltimore City and was appointed the second of two Co-Personal Representatives of the

Estate of Tyrone A. Brown on or about September 16, 2010.

5.       Defendant, OFFICER GAHIJI TSHAMBA (hereinafter referred to as "Tshamba") is currently an employee, agent, and servant of the Defendant, Baltimore Police Department, and was so employed at the time of the occurrence set forth herein. Defendant Tshamba was acting individually and in his official capacity as the agent, servant and employee of Defendant, Baltimore Police Department, and at the times pertinent to this occurrence as the agent, servant and employee of the Baltimore Police Department and/or Police Commissioner Frederick H. Bealefeld, III, herein named as a defendant. He is sued individually and in his official capacity. Defendant Tshamba received training and instruction with respect to arrest procedures generally and the use and application of physical force. Such training and instruction was provided during the course of training at the Police Academy, in-service training, range qualification training, roll call directives, and on-the-job training. This training included shoot/no shoot instruction as well as the legal basis for the application of deadly force and education on regulations including, but not limited to, off duty policy officers not being permitted to be intoxicated while armed.

6.       Defendant Tshamba is a resident of Baltimore City and was a resident at all times relevant to the claims set forth herein. In addition, at all times relevant hereto, Defendant Tshamba was employed in Baltimore City and habitually engaged in his vocation in Baltimore City, Maryland.

7.       Defendant Police Commissioner FREDERICK H. BEALEFELD, III (hereinafter referred to as "Bealefeld") was, at all times relevant to this action, the duly appointed and acting police commissioner with the Baltimore Police Department. He is sued in his official and individual capacity

4

8.     Defendants JOHN DOE(S)" - OPERATIONS BUREAU CHAIN OF COMMAND were, at all times relevant to this action, duly appointed and acting as ranking police officers in the Baltimore Police Department. As police officers they were, at all times herein relevant, acting within the scope of their employment and under color of state law and/or federal law.  The Defendants are sued in their official and individual capacity.

9.     Defendants "JOHN DOE(S)" – ADMINISTRATIVE BUREAU CHAIN OF COMMAND were, at all times relevant to this action, duly appointed and acting as ranking police officers in the Baltimore Police Department. As police officers they were, at all times herein relevant, acting within the scope of their employment and under color of state law and/or federal law.  The Defendants are sued in their official and individual capacity.

10.    Defendant, BALTIMORE POLICE DEPARTMENT (hereinafter "BPD"), is a fully operational police department, has strong practical links to and was, at all times relevant to this action, acting under the auspices of Defendant, Mayor and City Council, and Defendant Bealefeld.  The Mayor appoints the Commissioner of the Police Department with the advice and consent of the City Council.  The City Council holds hearings on Police Department policy and sets the Police Department budget.  At all times relevant herein, BPD exercised control over and influenced the policies, practices and customs of its police force, as well as the training, supervision, control and discipline of its police officers. BPD is and was the employer of the Defendant Tshamba.  The BPD is sued in its official capacity.

11.    At all times relevant herein, the Defendant, MAYOR AND CITY COUNCIL OF BALTIMORE (hereinafter "MCC"), is the governing authority of Baltimore City, which is categorized as a municipality in the State of Maryland empowered to carry out certain governmental functions within its geographic limits, and may be sued.  Under the Local Tort Claims Act, Maryland Courts and Judicial

Proceedings Section 5-301 *et seq.*, the City may also be sued in its own name for torts committed by its agents and employees.   The Defendant, MCC, was at all times relevant a municipal corporation and at all times relevant to this action, a governmental entity within the meaning of the federal and state constitutions. The MCC at all times relevant to facts pertaining to this case exercised control over and influenced the policies, practices and customs of the police department, as well as the training, supervision, control and discipline of police officers.   The State of Maryland and/or Baltimore Police Department is and was the employer of the defendant police officer named herein.   In addition, Baltimore Police Department and/or the State of Maryland acts or fails to act through its policy-making officials, including, but not limited to, the City Executive, members of the City Council, the Police Commissioner of the Baltimore Police Department and other high ranking members of the Police Department, including colonels, majors, precinct captains, and lieutenants and sergeants engaged in supervision of police patrol activities; the acts and edicts of these policy making officials constitute the policies, practices and customs of Baltimore City.

12.     At all times relevant herein, the Defendant, STATE OF MARYLAND, is the governing body that has authority over Baltimore City which is located in the state, and is categorized as a municipality in the State of Maryland.   The Defendant, State of Maryland, was at all times relevant to this action, a governmental entity within the meaning of the federal and state constitutions.

13.     Jurisdiction is proper in this Court as the amount in controversy exceeds $30,000 pursuant to §4-302(e)(1) of the Maryland Code Annotated, Courts & Judicial Proceedings Article and the Plaintiff demands a jury trial pursuant to §4-401(1) of Maryland Code Annotated, Courts & Judicial Proceedings Article.   Venue is proper in the Circuit Court for Baltimore City as Baltimore City is the jurisdiction pursuant to §6-201(a) of the Maryland Code Annotated, Courts & Judicial Proceedings Article, as the Defendant Tshamba resides in Baltimore City and his employer, BPD, is also located in Baltimore and all of the other Defendants except for the State of Maryland either work

and/or conduct business in Baltimore City for the BCP or the MCC.   The State of Maryland and City of Baltimore have, prior to the bringing of this action been placed on notice in a manner required by law.

## FACTS COMMON TO ALL COUNTS

14.     Plaintiffs incorporate as if fully stated herein the allegations in Paragraphs 1 through 13.

15.     On or about June 5, 2010, at approximately 1:30 a.m. Tryone Brown (also referred to as the Decedent), was at Eden's Lounge located at 15 West Eager Street in Baltimore's Mount Vernon Neighborhood.

16.     Mr. Brown had arrived at the establishment with his sister, Chantay Kangalee, and a neighborhood friend.

17.     While the trio were outside waiting with a crowd of club goers to enter the establishment, Mr. Brown allegedly touched one of the women ahead of him in line.

18.     The woman turned around and expressed her displeasure.

19.     Mr. Brown apologized to the woman and went back to having a conversation with his sister and the neighbor.

20.     A few minutes later, the woman allegedly touched by Mr. Brown turned around and swung at him.  Mr. Brown was able to deflect the blow.

21.     After Mr. Brown had deflected the blow, Defendant Tshamba turned around, looked at Mr. Brown, pointed to his weapon and began shouting threats at Mr. Brown.

22.     Defendant Tshamba then pulled the weapon from his waist band and started to wave the gun around and point it at Mr. Brown.

23.     Mr. Brown being concerned for the safety of his sister and their friends pushed them behind him and then put his hands up in the air, apologized to Defendant Tshmaba while simultaneously trying to calm down Defendant Tshamba.

24.     As Mr. Brown was talking to Defendant Tshamba he was being backed down the alley by Defendant Tshamba to a point where the two were out of the view of the police that were in the area and the other club goers.

25.     While the two men were in the alley adjacent to Eden's lounge, Mr. Brown's sister tried to approach decedent and decedent told her to get back.  As she paused, Defendant Tshamba began firing his weapon at a very close range at the unarmed Mr. Brown.

26.     Defendant Tshamba fired his weapon 13 times with 12 bullets hitting Mr. Brown.

27.     Mr. Brown died as a direct result of being shot by Defendant Tshamba without any other cause contributing thereto.

## CASE I - WRONGFUL DEATH
### COUNT I

J. B.

Plaintiffs, LOREN BROWN, Individually; ████████ a minor, by her

J. T. B.

mother and next friend, LOREN BROWN; ████████████ a minor, by his

mother and next friend, JACQUETTA TAYLOR; and VIVIAN SCOTT, and bring this

cause of action against Defendants, OFFICER GAHIJI TSHAMBA, Individually and in

his Official Capacity as a Baltimore Police Officer; FREDERICK H. BEALEFELD, III,

Police Commissioner; "JOHN DOE(S)," Operations Bureau Chain of Command; "JOHN

DOE(S)," Administrative Bureau Chain of Command; BALTIMORE POLICE

DEPARTMENT; MAYOR & CITY COUNCIL OF BALTIMORE; and STATE OF

MARYLAND, and for reasons state:

28.     Plaintiffs incorporate as if fully stated herein the allegations contained in paragraphs 1 through 27.

8

29.     That at all times described herein, Defendant Tshamba acted under the color and pretense of law, and under the color of statutes, customs, and usages of the State of Maryland.

30.     At all times relevant herein, Defendant Tshamba, was acting individually and as agent, servant and/or employee of Defendant, BPD, as well as under the training, supervision, control and discipline of Defendants Bealefeld, Mayor & City Council of Baltimore and/or the State of Maryland.

31.     As a result of the negligent, careless, unnecessary, willful, intentional and/or malicious acts of the defendants, which culminated in the death of Tyrone A. Brown, the Plaintiffs, Loren Brown, J. B. ▮▮▮▮▮▮▮, a minor and surviving daughter of Tyrone A. Brown, J. T. B. ▮▮▮▮▮▮, a minor and surviving son of Tyrone A. Brown, and Vivian Scott, mother of Tyrone A. Brown, have experienced severe mental anguish, emotional pain and suffering, loss of society, companionship, comfort, protection, attention, parental care, support, advise, education, counsel, training, guidance and services, which the deceased rendered while alive and would have continued to render if he had continued to live, and all other recoverable losses and damages associated with the permanent loss of their husband, father and son, and have been and will in the future be otherwise injured and damaged.

32.     That by reason of the gross negligence, negligence and/or unnecessary, willful, intentional and malicious acts which culminated in the death of Tyrone A. Brown, a cause of action has accrued within three (3) years of the date of death of the decedent in accordance with Ann. Code of Md., Cts. & Jud. Proc., Section 3-901 et seq. to the Plaintiffs for compensation to them for all of the damages, injuries and losses, past, present and future.

all of which were proximately caused by the negligence, wanton gross negligence, carelessness, willful, intentional and malicious acts of the defendants without any act on the part of the Plaintiffs or Tyrone A. Brown, now deceased, thereunto contributing.

WHEREFORE, Plaintiffs, LOREN BROWN Individually; J.B. ▮▮▮▮▮ a minor by her mother and next friend, LOREN BROWN; J.T.B. ▮▮▮▮▮ a minor, by his mother and next friend, JACQUETTA TAYLOR and VIVAN SCOTT Individually claim Ten Million Dollars ($10,000,000.00) damages against the Defendants, Individually and Jointly.

## COUNT II

### VIOLATIONS OF ARTICLES 24 AND 26 OF THE MARYLAND DECLARATION OF RIGHTS

33.    Plaintiffs incorporate as if fully stated herein the allegations contained in paragraphs 1 through 32.

34.    At the time of the occurrence, Defendant Tshamba was acting under the control of and in concert with Defendants, BPD, Bealefeld, MCC, State of Maryland, and their representatives and employees.

35.    The acts of Defendant Tshamba in detaining, shooting and taking the life of Tyrone A. Brown were done in violation of Articles 24 and 26 of the Maryland Declaration of Rights which guaranteed to Tyrone A. Brown certain rights, privileges and immunities including the right to be free from cruel and unusual pains, penalties and punishments, the right to due process of law, and the right to be free from excessive force. Defendant Tshamba breached the aforesaid duty by:

    a) Failing to maintain and/or follow proper policies and/or procedures in
       trying to apprehend an unarmed person;

10

b) Failing to use reasonable force in the situation at issue;

c) Acting, under the totality of the circumstances, in an unreasonable and/or malicious and/or negligent and/or grossly negligent and/or wrongful manner and/or;

d) Failing to take other proper and reasonable measures to avoid causing the Decedent's death.

36.     The acts of the defendants, BPD, Bealefeld, MCC, and State of Maryland, directly and/or indirectly contributing to the conduct of Defendant Tshamba, were done in violation of rights guaranteed to Tyrone A. Brown in Articles 24 and 26 of the Maryland Declaration of Rights as set forth with particularity in paragraphs 38 through 48 of this Complaint.

37.     All of the Plaintiffs' claims are due solely to and by reason of the negligent and/or grossly negligent and/or malicious and/or willful and/or reckless and/or unreasonable and/or intentional and/or ill willed and/or wanton and/or grossly negligent acts and/or omissions of Defendants, directly and/or indirectly without any negligence or want of due care on the part of Plaintiffs or the Decedent contributing thereunto.

WHEREFORE, this suit is brought and the plaintiffs, LOREN BROWN Individually; J. B. ███████████ a minor by her mother and next friend, LOREN BROWN; J. T. B. ███████████, a minor, by his mother and next friend, JACQUETTA TAYLOR and VIVAN SCOTT Individually claim Ten Million Dollars ($10,000,000.00) compensatory damages and Twenty Million Dollars ($20,000.000.00) punitive damages against the defendants, separately and jointly.

## CASE II – SURVIVOR'S ACTION

### COUNT I

Plaintiffs, LOREN BROWN, Co-Personal Representative of the Estate of Tyrone A. Brown and VIVIAN SCOTT, Co-Personal Representatives of the Estate of Tyrone A. Brown, bring this cause of action against Defendant OFFICER GAHIJI TSHAMBA, Individually and in his Official Capacity as a Baltimore Police Officer; FREDERICK H. BEALEFELD, III, Police Commissioner; "JOHN DOE(S)," Operations Bureau Chain of Command; "JOHN DOE(S)," Administrative Bureau Chain of Command; BALTIMORE POLICE DEPARTMENT; MAYOR & CITY COUNCIL OF BALTIMORE; and STATE OF MARYLAND, and for reasons state:

38.     Plaintiffs incorporate as if fully stated herein the allegations contained in paragraphs 1 though 37.

39.     At no time prior to, during or after the shooting death of Decedent, did Defendant Tshamba have probable cause or reason to believe that the Decedent was a threat or danger to himself or the public and at no time prior to, during or after the shooting did Defendant Tshamba have reason and/or probable cause to believe that he was in danger of bodily harm.

40.     Prior to the incident, Defendant Tshamba was off-duty and waiting in line to enter a night club in Mt. Vernon.

41.     The policies and regulations of Defendants, BPD, and/or Bealefeld and/or MCC's generally require City officers to carry their service weapons while they are off duty inside the City limits.

42.     It is against regulations, however, for an off duty policy officer to be intoxicated while armed.

43.     The Defendants, BPD, and/or Bealefeld and/or MCC, and other high ranking members of the Police Department, including colonels, majors, precinct captains, and lieutenants and sergeants engaged in supervision of police patrol activities knew or should have known of Defendant Tshamba's prior incidents which certainly raised questions of Defendant's fitness for duty.  These incidents include:

A.     September, 2005 Defendant Tshamba shot a man in the foot while Defendant was intoxicated.  That shooting was ruled justified but Defendant was disciplined internally for having his gun while intoxicated.

B.     In July, 1998 a disputed incident which was initially reported that Defendant  Tshamba mistakenly believed "the suspect he was chasing had opened fire" and he shot the suspect in the back.

C.     In 2001, Defendant Tshamba arrested a woman after a routine traffic stop and sent her to Central Booking and Intake Center for "allegedly signing the ticket improperly" for which an "undisclosed civil settlement was made with the City in 2005."

D.     In 2006, Defendant Tshamba was driving at 2:00 a.m. in the 4100 block of Pulaski Highway and was involved in an accident.  He was driving without insurance or a registration.  Defendant Tshamba's vehicle hopped the curb and crashed into a van and a City light pole at a gas station.  The Defendant required treatment for his injuries and was transported by ambulance to a local hospital.

44.     Based on Defendant Tshamba's history and violation of law, Defendant should have been relieved of his duties completely.

45.     To allow officers known to have or suspected to have such a propensity for unreasonable and excessive use of deadly and/or non-deadly force to have full police powers with the authority to carry and operate a handgun, endangered public safety and welfare and represented a breach of duty on behalf of the defendants.

46.     The defendants, collectively and individually, in the exercise of both governmental and discretional authority, had the responsibility to act in a manner so as to preserve evidence and take Defendant Tshamba into custody immediately.

47.     Defendants, BPD, Bealefeld, and/or MCC, and its agents, servants and/or employees failed to arrest Defendant Tshamba following the shooting despite police representatives publicly stating that they had no credible explanation for Defendant Tshamba's actions in the shooting, failed to require Defendant Tshamba to take an alcohol test following the shooting, and failed to take a statement from Defendant Tshamba until approximately one month after the shooting.

48.     As a result of the unnecessary, intentional, willful and malicious acts of Defendant Tshamba, and the actions of all other named defendants whose individual and collective grossly negligent and improper acts resulted in Defendant Tshamba being allowed to be in possession of a gun with full police powers, Tyrone A. Brown, was caused to sustain conscious pain, suffering and extreme mental anguish prior to his death.

49.     The Plaintiffs, Loren Brown and Vivian Scott, Co-Personal Representatives of the Estate of Tyrone A. Brown, are empowered to commence and prosecute this action as one which the decedent could have commenced and prosecuted for all of the damages recoverable by him had he survived, including, but not limited to, pain and suffering mental anguish, fear, fright, and the medical expenses allowed by law.

50.     The death of Tyrone A. Brown, and all of the injury, damages and losses complained of were caused solely by the unnecessary, intentional, willful, grossly negligent and malicious acts of the defendants, without any act on the part of the plaintiffs or Tyrone A. Brown, now deceased, thereunto contributing.

WHEREFORE, Plaintiffs, Loren Brown and Vivian Scott, Co-Personal Representatives of the Estate of Tyrone A. Brown, claim Ten Million Dollars ($10,000,000.00) in compensatory damages and Twenty Million Dollars ($20,000,000.00) in punitive damages from the Defendants, Individually and Jointly.

## COUNT II - VIOLATION OF MARYLAND DECLARATION OF RIGHTS

51.     Plaintiffs incorporate as if fully stated herein the allegations contained in paragraphs 1 though 50.

52.     The acts of Defendant Tshamba in detaining, shooting and taking the life of Tyrone A. Brown were done in violation of Articles 24 and 26 of the Maryland Declaration of Rights which guaranteed to Tyrone A. Brown certain rights, privileges and immunities including the right to be free from cruel and unusual pains, penalties and punishments, the right to due process of law, and the right to be free from excessive force.  Defendant Tshamba breached the aforesaid duty by:

    a) Failing to maintain and/or follow proper policies and/or procedures in trying to apprehend an unarmed person;

    b) Failing to use reasonable force in the situation at issue;

    c) Acting, under the totality of the circumstances, in an unreasonable and/or malicious and/or negligent and/or grossly negligent and/or wrongful manner and/or;

    d) Failing to take other proper and reasonable measures to avoid causing the Decedent's death.

53.    The acts of the defendants, BPD, Bealefeld, MCC, and State of Maryland, directly and/or indirectly contributing to the conduct of Defendant Tshamba, were done in violation of rights guaranteed to Tyrone A. Brown in Articles 24 and 26 of the Maryland Declaration of Rights.

54.    That Defendant Tshamba maliciously and/or wantonly and/or intentionally and/or willfully and/or unreasonably and/or with excessive force and/or with gross negligence and reckless disregard for human life and/or without justification, shot the defendant in the back multiple times causing the Decedent cruel and unusual pains and penalties and an ultimately death.

55.    That Defendant Tshamaba's, actions were unreasonable, unjustifiable, and unconstitutional and in violation of the Decedent's rights to be free from cruel and unusual pains, penalties, and punishments under the Maryland Declaration of Rights Articles 16 and 19. The Defendant's action of depriving the Decedent of his life was also in direct violation of the privileges and immunities guarantee provided under the Maryland Declaration of Rights Articles 24 and 26.

56.    That at all times described herein, Defendant acted under color and pretense of law, and under color of statutes, customs and usages of the State of Maryland

57.    At the time of the incident, the Decedent was unarmed and posed no threat of harm or danger to the individual Defendant or to anyone else. Thus, there was no basis for the use of such force upon Tyrone A. Brown by the Defendant Tshamba.

58.   As a direct and proximate result of Defendant's unlawful and wrongful conduct, Tyrone A. Brown was deprived of his freedom of life, his right to be free from unreasonable and excessive force, unreasonable seizure and cruel and unusual pains, penalties and punishment.  Tyrone A. Brown was deprived of his state constitutional rights in violation of the common law and The Maryland Declaration of Rights and, as a result, he experienced severe mental anguish, conscious pain and suffering, pre-impact fear and/or fright, loss of freedom, life, liberty and/or all other recoverable losses and damages associated with Defendant's violations of his civil rights.

59.   All of the Plaintiffs' claims are due solely to and by reason of the negligent and/or grossly negligent and/or malicious and/or willful and/or reckless and/or unreasonable and/or intentional and/or ill willed and/or wanton and/or grossly negligent acts and/or omissions of Defendants, directly and/or indirectly without any negligence or want of due care on the part of Plaintiffs or the Decedent contributing thereunto.

WHEREFORE, Plaintiffs, Loren Brown and Vivian Scott, Co-Personal Representatives of the Estate of Tyrone A. Brown, claim Ten Million Dollars ($10,000,000.00) in compensatory damages and Twenty Million Dollars ($20,000,000.00) in punitive damages from the Defendants, Individually and Jointly.

## COUNT III – BATTERY

60.   Plaintiffs incorporate as if fully stated herein the allegations contained in paragraphs 1 though 59.

61.   That Defendant Tshamba, acting individually and in his official capacity as a Baltimore Police Officer employed by the Defendant, Baltimore Police Department, committed a battery upon the Decedent and his conduct in this regard was both malicious

and wanton, and was undertaken deliberately, with actual malice; and constituted an intentional, offensive, and non-consensual touching of the Decedent.

62      As a result of the aforesaid acts and conduct of Defendant Tshamba, the Decedent was caused to suffer physical and/or non-physical injury; and to sustain economic damages for the cost of medical treatment and lost wages as well as non-economic damages for the pain, suffering, anguish, fear, fright, humiliation, inconvenience, and embarrassment for the totality of events that he was forced to endure.

63.     All of the Plaintiffs' claims are due solely to and by reason of the negligent and/or grossly negligent and/or malicious and/or willful and/or reckless and/or unreasonable and/or intentional and/or ill willed and/or wanton and/or grossly negligent acts and/or omissions of Defendant Tshamba without any negligence or want of due care on the part of Plaintiffs or the Decedent contributing thereunto.

WHEREFORE, Plaintiffs, Loren Brown and Vivian Scott, Co-Personal Representatives of the Estate of Tyrone A. Brown, claim Ten Million Dollars ($10,000,000.00) in compensatory damages and Twenty Million Dollars ($20,000,000.00) in punitive damages from Defendants, Individually and Jointly.

## COUNT IV – ASSAULT

64.     Plaintiffs incorporate as if fully stated herein the allegations contained in paragraphs 1 though 63.

65.     That Defendant Tshamba, acting individually and in his official capacity as a Baltimore Police Officer employed by the Defendant, Baltimore Police Department, threatened physical harm to the Decedent, thereby committing an assault upon the Decedent

and his conduct in this regard was both malicious and wanton, and was undertaken deliberately with actual malice.

66      As a result of the aforesaid acts and conduct of Defendant Tshamba, the Decedent was caused to suffer physical and/or non-physical injury; and to sustain economic damages for the cost of medical treatment and lost wages as well as non-economic damages for the pain, suffering, anguish, fear, fright, humiliation, inconvenience, and embarrassment for the totality of events that he was forced to endure.

67.      All of the Plaintiffs' claims are due solely to and by reason of the negligent and/or grossly negligent and/or malicious and/or willful and/or reckless and/or unreasonable and/or intentional and/or ill willed and/or wanton and/or grossly negligent acts and/or omissions of Defendant Tshamba without any negligence or want of due care on the part of Plaintiffs or the Decedent contributing thereunto.

WHEREFORE, Plaintiffs, Loren Brown and Vivian Scott, Co-Personal Representatives of the Estate of Tyrone A. Brown, claim Ten Million Dollars ($10,000,000.00) in compensatory damages and Twenty Million Dollars ($20,000,000.00) in punitive damages from Defendants, Individually and Jointly.

## COUNT V – FALSE IMPRISONMENT

68.      Plaintiffs incorporate as if fully set forth herein the allegations set forth in Paragraphs 1 through 67.

69.      The Decedent was unlawfully deprived of his personal liberty, freedom and property without his consent and without justification by the malicious, intentional, and wanton acts of Defendant Tshamba, by the aforesaid physical and verbal acts.

70.     As a result of the aforesaid acts and conduct of Defendant Tshamba, the Decedent was unlawfully held against his will for an extended period of time and he experienced pain, suffering, humiliation, inconvenience, and embarrassment for the totality of events that he was forced to endure.

WHEREFORE, Plaintiffs, Loren Brown and Vivian Scott, Co-Personal Representatives of the Estate of Tyrone A. Brown, claim Ten Million Dollars ($10,000,000.00) in compensatory damages and Twenty Million Dollars ($20,000,000.00) in punitive damages from Defendants, Individually and Jointly.

## COUNT VI – FALSE ARREST

71.     Plaintiffs incorporate as if fully set forth herein the allegations set forth in Paragraphs 1 through 70.

72.     Defendant Tshamba, acting individually and in his official capacity as a Baltimore Police Officer employed by the Defendant, Baltimore Police Department, attempted to unlawfully arrest the Decedent and deprive him of his freedom of movement.

73.     Under the circumstances alleged herein, Defendant Tshamba's actions were taken without justification, legal or otherwise, and without probable cause to arrest the Decedent.

74.     As a result of the aforesaid acts and conduct of Defendant Tshamba, the Decedent was caused to suffer physical and/or non-physical injury; and to sustain economic damages and non-economic damages for the pain, suffering, humiliation, fear, fright, anxiety, inconvenience, anguish, and embarrassment for the totality of events that he was forced to endure.

WHEREFORE, Plaintiffs, Loren Brown and Vivian Scott, Co-Personal Representatives of the Estate of Tyrone A. Brown, claim Ten Million Dollars ($10,000,000.00) in compensatory damages and Twenty Million Dollars ($20,000,000.00) in punitive damages from Defendants, Individually and Jointly.

## COUNT VII

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75.     Plaintiffs incorporate as if fully set forth herein the allegations set forth in Paragraphs 1 through 74.

76.     The conduct of Defendant Tshamba, acting individually and in his official capacity as a Baltimore Police Officer employed by the Defendant, Baltimore Police Department, was intentional and had the specific purpose of inflicting emotional distress upon the Deceased.

77.     The defendant knew or should have known that his conduct would cause emotional distress to the Deceased.

78.     The conduct of Defendant Tshamba was outrageous and intolerable and offends against the generally accepted standards of decency and morality.

79.     All of Decedent's injuries, damages and untimely death were caused solely by Defendant Tshamba, acting individually and in his official capacity as a Baltimore Police Officer employed by Defendant, Baltimore Police Department, without any action on the part of the Plaintiffs or Deceased contributing thereto.

WHEREFORE, Plaintiffs, Loren Brown and Vivian Scott, Co-Personal Representatives of the Estate of Tyrone A. Brown, claim Ten Million Dollars

($10,000,000.00) in compensatory damages and Twenty Million Dollars

($20,000,000.00) in punitive damages from Defendants. Individually and Jointly.

## COUNT VIII

### Plaintiffs' Section 1983 Action
### (Excessive Force)

80.     Plaintiffs incorporate as if fully set forth herein the allegations set forth in

Paragraphs 1 through 79.

81.     As a direct and proximate consequence of the conduct alleged herein. the

defendants. deprived the Decedent of the following clearly established rights under the

Fourth and Fourteenth Amendments of the United States Constitution:

(a)     the right to be free from the use of excessive and unreasonable force and

seizure;

(b)     the right to be free from a deprivation of liberty without due process of

law; and

(c)     the right to be free from summary punishment.

WHEREFORE, Plaintiffs, Loren Brown and Vivian Scott, Co-Personal

Representatives of the Estate of Tyrone A. Brown, request that this Court:

A.     Declare that the Defendants are liable to the Plaintiffs, individually and

jointly, for depriving the Decedent of one or more of his constitutional rights;

B.     Award to the Plaintiffs Ten Million Dollars ($10,000,000.00) as

compensatory damages for the deprivation of one or more of the Decedent's

constitutional rights and for the physical and emotional pain and suffering which

Decedent experienced;

C.      Award to the Plaintiffs such punitive damages as are just and appropriate under the circumstances against each defendant; and

D.      Grant such other relief as law and equity allows, including costs and reasonable attorney's fees pursuant to 42 U.S.C. Section 1988.

## COUNT IX

### Plaintiffs' Section 1983 Action
### (Deprivation of Federal Rights)

82.      Plaintiffs incorporate as if fully set forth herein the allegations set forth in Paragraphs 1 through 81.

83.      The conduct of Defendant Tshamba caused the Deceased to be deprived of rights, privileges and/or immunities secured by the Constitution and the laws of this land.

84.      At all times, Defendant Tshamba was acting under cover of statutes, ordinances, regulations, customs and usage of the laws of the State of Maryland and as such constituted a violation of Title 42, Section 1983.

WHEREFORE, the plaintiff prays that this Court:

A.      Declare that each of the defendants who participated in any way in the cover up of the Plaintiffs' and/or Decedent's Title 42, Section 1983 causes of action are liable to the Plaintiffs in money damages for that conduct;

B.      Award to the Plaintiffs Ten Million Dollars ($10,000,000.00) as compensatory damages for the deprivation or attempt to deprive them and/or Deceased of their Section 1983 causes of action.

C.      Award to the Plaintiffs such punitive damages as are just and appropriate under the circumstances against each defendant; and

D.      Grant such other relief as law and equity allows, including costs and reasonable attorney's fees pursuant to 42 U.S.C. Section 1988.

## CASE III

## CO-PERSONAL REPRESENTATIVES' ACTION FOR FUNERAL EXPENSES

Plaintiffs, LOREN BROWN, Co-Personal Representative of the Estate of Tyrone A. Brown and VIVIAN SCOTT, Co-Personal Representatives of the Estate of Tyrone A. Brown, bring this cause of action against Defendant OFFICER GAHIJI TSHAMBA, Individually and in his Official Capacity as a Baltimore Police Officer; FREDERICK H. BEALEFELD, III, Police Commissioner; "JOHN DOE(S)," Operations Bureau Chain of Command; "JOHN DOE(S)," Administrative Bureau Chain of Command; BALTIMORE POLICE DEPARTMENT; MAYOR & CITY COUNCIL OF BALTIMORE; and STATE OF MARYLAND, and for reasons state:

85.     Plaintiffs incorporate as if fully stated herein the allegations contained in paragraphs 1 through 84.

86.     As a result of the death of Tyrone A. Brown, Plaintiffs incurred funeral expenses.

87.     The death of Tyrone A. Brown and all of the injury, damages and losses complained of were caused solely by the unnecessary, intentional, willful, grossly negligent and malicious acts of the defendants, without any negligence on the part of the plaintiff or Tyrone A. Brown, now deceased, thereunto contributing.

WHEREFORE, Plaintiffs, Loren Brown and Vivian Scott, Co-Personal Representatives of the Estate of Tyrone A. Brown, bring this additional cause of action pursuant to Ann. Code of MD, Estates & Trusts Art., Section 7-401 to recover funeral

expenses and claim Twenty Five Thousand Dollars ($25,000.00) against Defendants,

Individually and Jointly.

A. Dwight Pettit
Law Offices of A. Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, MD 21215
(410) 542-5400

Allan B. Rabineau
401 East Pratt Street, Suite 2252
Baltimore, MD 21202
(410) 837-9150

Attorneys for Plaintiffs