IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LOREN BROWN, *ET AL*., | * | |
| PLAINTIFFS | * | |
| | | CIVIL ACTION NO.: RDB-11-0609 |
| V. | * | |
| OFFICER GAHIJI A. TSHAMBA, *ET AL*., | * | |
| DEFENDANTS. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM ORDER**

Plaintiffs Loren Brown and Vivian Scott, both individually and in their capacity as Co-Personal Representatives of decedent Tyrone A. Brown's ("Brown") estate, as well as J.B., a minor and daughter of the decedent, and J.B.T., a minor and son of the decedent, bring this civil rights violation and excessive force action against Defendant Officer Gahiji A. Tshamba ("Officer Tshamba") of the Baltimore Police Department (the "BPD"). This civil rights action relates to the well-publicized fatal shooting of Brown by Officer Tshamba on June 5, 2010. Plaintiffs have also named as defendants Frederick H. Bealefeld, III, the Commissioner of the Baltimore Police Department, and unnamed supervisors of the BPD's Operations Bureau Chain of Command and the Administrative Bureau Chain of Command, in both their individual and official capacities. In addition, Plaintiffs have named the Baltimore Police Department, the Mayor and City Council of Baltimore (the "Mayor and City Council"), and the State of Maryland as defendants.

Pending before this Court is the Baltimore Police Department and the Baltimore City Police Commissioner Bealefeld's Motion to Bifurcate and to Stay Discovery (ECF No. 25).

In this motion, the Defendants seek, under Federal Rule of Civil Procedure 42(b), to bifurcate and stay the pending discovery and trial such that Plaintiffs' claims against Officer Tshamba would be resolved before addressing the claims against the BPD and Commissioner Bealefeld.   In addition, the Defendants recently submitted a letter to this Court (ECF No. 32) in which they seek an additional modification or stay of proceedings against them on the ground that a related case is currently pending before the Circuit Court for Baltimore City that involves the same subject matter.   The Defendants have indicated that they will remove the related case, *Chantay Kangalee v. Baltimore Police Department*, No. 24-C-002264, and will seek to consolidate it with the above-captioned matter.   The Plaintiffs do not oppose the motion to bifurcate, but oppose the motion to the extent it seeks a complete stay of discovery.   *See* Pls.' Resp., ECF No. 26.   The parties' submissions have been reviewed and no hearing is necessary.   *See* Local Rule 105.6 (D. Md. 2011).   For the reasons that follow, the Defendants' Motion to Bifurcate and to Stay Discovery (ECF No. 25) is GRANTED IN PART and DENIED IN PART.

## BIFURCATION OF DISCOVERY AND TRIAL

Under 42 U.S.C. § 1983, a municipality or employer cannot be held vicariously liable based solely on an agency relationship.   *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692-94 (1978).   Accordingly, the BPD and Commissioner Bealefeld cannot be found liable unless the Plaintiffs first prevail on their Section 1983 claims against Officer Tshamba. In this regard, the BPD and Commissioner Bealefeld contend that a bifurcation will "substantially decrease the risk of prolonged and burdensome litigation, will conserve judicial resources, will serve as a more effective method of testing the sufficiency of the Plaintiffs'

claims, and lastly, will protect against the possibility of prejudice against BPD, Commissioner Bealefeld and Officer Tshamba." Defs.' Mot. at 3.

Federal Rule of Civil Procedure 42(b), which governs bifurcation, provides that a court may order a separate trial of one or more separate issues or claims "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). This Court has consistently held that in the context of Section 1983 claims, bifurcation of the *Monell* supervisory claims from the individual claims is appropriate and often desirable. *See, e.g.,* *James v. Frederick County Pub. Schs.*, 441 F. Supp. 2d 755, 762 (D. Md. 2006); *Robertson v. Prince George's County*, 215 F, Supp. 2d 664, 665 (D. Md. 2002); *Dawson v. Prince George's County*, 896 F. Supp. 537, 540 (D. Md. 1995); *Marryshow v. Town of Bladensburg*, 139 F.R.D. 318, 319-20 (D. Md. 1991).

As previously mentioned, the Plaintiffs do not oppose bifurcation in this case. *See* Pls.' Response, ECF No. 26. While the Defendants' motion to bifurcate also requests a stay of discovery, the parties have agreed that "Plaintiffs will be permitted discovery against the BPD so far as the matters pertain to Defendant Tshamba, subject to Movants reserving the right to make specific objections and/or file Motion for Protective Order(s) on those matters upon which the parties cannot reach an agreement." *Id.* at 2; *see also* Defs.' Ltr., ECF No. 32 (acknowledging agreement).

Here, bifurcation is appropriate and will serve the interests of efficiency and judicial economy. Accordingly, the discovery and trial phases in this case will be bifurcated under Rule 42(b) such that the Plaintiffs' claims against Officer Tshamba will be resolved in a first trial, and all of the claims against the BPD and Commissioner Bealefeld will be resolved in a

second trial, if necessary.  The Plaintiffs may, however, seek third party discovery against the BPD and Commissioner Bealefeld in accordance with their agreement.

As a final matter, and in light of the related case that Defendants intend to remove to this Court and consolidate with this case, the deadlines contained in the current Scheduling Order (ECF No. 30) will be STAYED pending the outcome of the removal and motion to consolidate.

CONCLUSION

For the reasons stated above, it is this 9th day of May, 2012, ORDERED that:

1.  Defendants' Motion to Bifurcate and to Stay Discovery (ECF No. 25) is GRANTED IN PART and DENIED IN PART.  Specifically, the motion to bifurcate pursuant to Rule 42(b) is granted, but the motion is denied insofar as discovery will be permitted against the Baltimore Police Department and Commissioner Bealefeld in accordance with the parties' agreement;

2.  The deadlines in contained in the current Scheduling Order (ECF No. 30) are STAYED pending the resolution of the removal of, and motion to consolidate the related case pending in the Circuit Court for Baltimore City; and

3.  The Clerk of the Court transmit copies of this Memorandum Order to counsel.


/s/_____
Richard D. Bennett
United States District Judge